**Bobby Joe PEARSON, Appellant,**

**v.**

**Gary Don NEWTON et ux., Appellees.**

**No. 7260.**

Court of Civil Appeals of Texas.

Amarillo.

May 13, 1963.

Jerome W. Kirby, Littlefield, for appellant.

J. R. (Billy) Hall, Littlefield, for appellees.

NORTHCUTT, Justice.

This is an adoption case. Bobby Joe Pearson and Mary Lou Newton are the natural parents of Robby Joe Pearson, the child sought to be adopted. The parents of said child were divorced in September 1957 and in the divorce proceedings the mother was granted the custody of said child with visiting privileges granted to the father and the father was ordered to pay into the court $50 per month for the support of said child. On April 22, 1959, the mother of said child was married to Gary Don Newton. On June 26, 1962, Gary Don Newton joined by his wife, Mary Lou Newton, brought this action for adoption of Robby Joe Pearson and seeking to have the child's name changed to Robby Joe Newton. The father of said child was made a party to the adoption proceedings and the father answered and contested said adoption proceedings. The court, after hearing the pleadings and the evidence, granted the adoption and changed the name of said child as requested. It is from that judgment the father perfected this appeal.

For convenience Bobby Joe Pearson will hereafter be referred to as appellant and Gary Don Newton and Mary Lou Newton will be referred to as appellees. The adoption was sought upon the theory that appellant had not contributed substantially to the support of such child during a period of two years prior to the filing of the adoption proceedings. Appellant answered contending that there was no voluntary abandonment or desertion of the child by appellant and the sole reason for appellant's failure to make the payments as provided for in the divorce decree was because of the failure of Mary Lou Newton to abide by said divorce decree in her open and obvious refusal to permit reasonable visitations for appellant. The divorce decree ordered appellant to pay into the register of the court $50 for the support of said child beginning on the 1st day of October 1957 and continuing until said child attained the age of 18 years. The undisputed evidence shows appellant failed to make such payments for a period of over two years prior to the filing of the adoption proceedings, and appellant acknowledged he had not made any of such payments for over two years; but seeks to excuse himself because of trouble caused by his wife in not letting him visit with the child.

Appellant presents this appeal upon four points of error contending the court erred in proceeding in this cause when there was no jurisdiction for adoption without the written consent of appellant; that the court erred in granting adoption without the written consent of appellant in the absence of pleading and proof that appellant abandoned the child and/or that he had not contributed substantially to the support of such child for a period of two years commensurate with his financial ability; that the court erred in granting the adoption on the ground appellant had failed to support the child because the evidence affirmatively showed that such failure was brought about by the antagonism of the mother, and that the actions of the mother were made for the sole purpose of ob-

taining grounds for adoption and because the evidence did not bring forth any compelling reason for breaking the natural relationship existing between the father and son and did not establish any reason why it would be to the best interests of the child to break the natural relationship existing between the father and son.

This is another one of those cases in which the father and mother fail to look to the happiness and best interests of their child but let their selfish feelings control their actions to the detriment of their child that has to accept its future as determined by the courts. The appellant secured the divorce from the mother of the child here sought to be adopted and the mother was given custody of the child with the right of appellant to visit the child in the mother's home and also to have the right to have the child visit in his home. Appellant was ordered to pay $50 per month for the support of said child. There is evidence the mother refused to permit the visitations of the father, but she denied this. It is admitted the father failed for more than two years to make the support payments as ordered and there is evidence he was able to make such payments.

■ The fact the father began to make the $50 payments after the filing of the adoption proceedings was not sufficient, as a matter of law, to wipe out the accrued right of the stepfather to adopt the child without the consent of the natural father. Jones v. Bailey, Tex.Civ.App., 284 S.W.2d 787 (NRE); 1 Tex.Jur., Section 24, Page 706.

■ In order to justify adoption of the child without the consent of the father, it was sufficient to show that he had failed to contribute to the support of the child for two years as he was ordered by the court to do when the evidence clearly shows that he was able to make such payments. Patella v. Jones, Tex.Civ.App., 303 S.W.2d 490 (writ dismissed).

After careful consideration of the whole record, we believe that the evidence is sufficient to meet the statutory requirements which must be met before a child may be adopted without the written consent of a parent. The trial court having granted the adoption, upon sufficient evidence, as required under the adoption statute, we think, it is binding upon this court.

Judgment of the trial court is affirmed.