**Elton Leon WHITEHEAD, Appellant,**

v.

**Marilyn C. LOUT et vir, Appellees.**

**No. 163.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 21, 1965.

Bill F. Griffin, Jr., Center, for appellant.

Joe Davis Foster, Center, for appellees.

SELLERS, Justice.

Elton Leon Whitehead and Marilyn C. Whitehead were husband and wife and had born to them two children, and resided in Shelby County, Texas. On the 12th day of December, 1960, in the District Court of Shelby County, the above parties were divorced and the care and custody of said children were given to the mother, with the right of the father to visit the children at reasonable times. The father was ordered to pay to the mother the sum of $15.00 per month for the support of each child.

Thereafter, Mrs. Whitehead married Kenneth H. Lout who, with the consent of the mother of said children, applied to the District Court of Shelby County for permission to adopt said children; and on the 7th day of April, 1964, the Judgment of Adoption was entered by the court as follows:

"This the 7th day of April, 1964, in the above styled and numbered proceeding came on to be heard the petition of Kenneth H. Lout for adoption of the minor children referred to in such petition, and it appearing to the court that petitioner is married to the natural mother of said minors, who gave her full and free consent to the adoption of said minor children by petitioner, her husband, and it further appearing to the court that the natural father of said minors has not contributed anything to the support of such children during a period of more than two (2) years and that the County Judge of Shelby County, Texas, there being no Juvenile Court in said Shelby County, Texas, has given his consent to the adoption of said minor children by petitioner, and the court having heard and considered the pleadings, the report of investigator heretofore filed in compliance with the former order of this court and the testimony and having fully considered the same finds that said minor children are the proper subjects of adoption; that all preliminary consents, waivers, notices and processes necessary to give this court jurisdiction to hear and determine this cause have been given or are on file herein; that petitioner is a proper person to adopt said children; that it is to the best interest of the said children that such petition for adoption be granted.

"It is therefore ORDERED, ADJUDGED AND DECREED by the court that petioner Kenneth H. Lout be and he is hereby granted leave to adopt said minor children, and that from this date said petitioner shall stand in the legal relationship of father to said children, and that said minor children shall stand in the legal relationship of sons to said petitioner, and the natural mother of said minor children being the wife of petitioner shall continue to stand in the relationship of mother to said minor children and shall not relinquish any of her rights, duties or obligations as the natural mother of said minors; and

"It is further ORDERED that the rights of all other persons, if any they have, to the care, custody and control of said minor children shall be and are hereby terminated: and

"It is further ORDERED that the names of said minor children be and they same are hereby changed as prayed for in said petition; and

"It is further ORDERED that said children shall from henceforth be deemed and held to be the children of petitioner Kenneth H. Lout and his wife, Marilyn C. Lout, as fully as though born to them in lawful wedlock and said children shall henceforth be entitled to proper education, support, maintenance, nurture and care from the petitioner and his wife, and that said petitioner and his wife shall be entitled to the service, control, custody and company of said children and provided further that the rights of inheritance of said children shall be such as are given to them by the laws of the State of Texas.

"It is further ORDERED that the report heretofore filed herein be kept with the records of the proceedings herein and shall be a part thereof, and that the files and records in this cause shall be kept by the Clerk of this court and shall not be open to the inspection of or be copied by any person other than the parties interested herein and their attorneys, except upon order of this court; provided this judgment be open to the inspection of any person, and certified copies may be obtained.

"It being shown to the court that petitioner has paid all costs herein, let no execution issue.

/s/ Ward Chandler"

On December 2, 1964, Elton Leon Whitehead brought this suit in the same District Court of Shelby County, Texas, in which he alleges:

"1.

"Plaintiff is a resident of Hardin County, Texas; Defendants are residents of Shelby County, Texas.

"2.

"That on or about the 12th day of December, 1960, defendant Marilyn Cannon Whitehead Lout was granted a divorce from Plaintiff Elton Leon Whitehead in Cause No. 17,028, in the District Court of Shelby County, Texas, Honorable Ward Chandler presiding, and such decree of divorce provided that said Marilyn Cannon Whitehead have the care, custody and control of Elton Leran Whitehead born September 19, 1957, and Robert Lee Whitehead, born March 17th, 1959, minor children of said Marilyn Cannon Whitehead and Elton Leon Whitehead, and such decree of divorce further provided that said Elton Leon Whitehead have the right to visit said children at any and all reasonable times.

"3.

"That on or about the 7th day of April, 1964, in cause No. 16,907, in the District Court of Shelby County, Texas, Honorable Ward Chandler presiding, Defendant Kenneth H. Lout was granted leave to adopt said plaintiff's children. That plaintiff first learned of said adoption on the 23rd day of November, 1964, when the undersigned attorney contacted defendant Marilyn Cannon Lout in an effort to obtain permission for plaintiff to visit with his said two children. That plaintiff was not a party to said adoption proceedings, did not consent for his children to be adopted, had no notice, actual or constructive, of said proceedings, and was afforded no opportunity to appear, assert his rights and resist the petition of defendant Kenneth H. Lout to adopt his children; and further plaintiff had no notice of any proceedings in the County Court of Shelby County, Texas, if any were had, to obtain consent for the adoption of said children.

"4.

"That such Judgment of adoption is void because the Court was without jurisdiction to grant said adoption without the written consent of plaintiff and plaintiff was given no notice of any petition to adopt his children or to obtain consent for their adoption without his consent, and plaintiff has therefore been deprived of his rights without due process of law.

"5.

"That plaintiff has not voluntarily abandoned and deserted his said children for any period, nor has he failed to contribute substantially to the support of such children during any period of time commensurate with his financial ability. In this connection, plaintiff would show that letters addressed to said children and containing support money for said children have been refused by defendant Marilyn C. Lout and returned to plain-

tiff, and upon return of said sums of money, plaintiff has deposited same in savings accounts for the benefit of said children, and said plain- here and now offers to pay said sums of money into the registry of the court for the benefit of said children. Further, plaintiff mailed a Christmas package to defendant Marilyn C. Lout for said children in 1962, and said package was returned to plaintiff, marked 'refused'.

"Further, said children have stayed with the maternal grandmother, Mrs. Enice Cannon, while defendant Marilyn C. Lout was working, and plaintiff has never been welcom- to visit with said children in said home. On numerous occasions plaintiff has called on defendant Marilyn C. Lout at place of her employment concerning said children and for the purpose of visiting said children, and said defendant has either refused to allow plaintiff to visit with said children, or would agree to allow plaintiff to visit said children in the home of Mrs. Enice Cannon and by the time plaintiff would arrive at the home of Mrs. Cannon, she and the children would always be gone.

"6.

"Plaintiff loves his children and desires in every way to be the father of his children and for the existance of mutual love and affection between natural father and sons. That the above mentioned decree of divorce regarding custody of said children was temporary in its nature and subject to revocation and change by the court upon proper petition, notice, and evidence to support such a change, and such judgment reserved to plaintiff the right to visit the children at any and all reasonable times. Said decree of divorce regarding custody and visitation of and with the children has not been changed, nor has plaintiff been given notice, actual or constructive, of any change contemplated, or to be granted by the court, and such decree granting plaintiff the right to visit with his said

children is still in full force and effect. Since defendants are apparently using a fraudulent scheme to deprive plaintiff of his children, or of knowing or ever contacting them again, plaintiff would say that defendants are not fit and proper persons to have the care, custody and control of said children. That plaintiff is a fit and proper person to have the care, custody and control of said children, and in view of all of the circumstances surrounding said children at the present time it would be in the best interest and welfare of said children that the provision of the decree of divorce regarding custody of said children be changed and that plaintiff be vested with full custody of his said children with the right of visitation being reserved to defendant Marilyn C. Lout, or that, in the alternative, plaintiff be granted the right to have said children visit with him in his home at specified times, and in such event, that defendants be ordered to not speak disrespectively of plaintiff while they have custody of the children.

"Wherefore, premises considered, plaintiff prays that defendants be given notice to appear and answer herein as required by law, and that upon final hearing herein the Judgment of adoption entered herein by the court on April 7, 1964, in cause No. 16,907, be vacated, set aside and forever held for naught in its entirety; that the decree of divorce entered herein on December 12, 1960, in Cause No. 17,028, insofar as it pertains to custody of the minor children and visitation rights with said children, be modified and changed vesting custody of said children in plaintiff with reasonable visitation rights to defendant Marilyn C. Lout, or in the alternative, the decree of divorce be changed to allow plaintiff the right to have said children visit in his home at specified times; that pending a final hearing, plaintiff be allowed to visit with said children at all reasonable times and places and that plaintiff be allowed to have contact with his children,

by mail, telephone, or otherwise and that plaintiff be allowed to contribute to the support of his said children and make gifts to them, sepecially at Christmas and Birthdays; and plaintiff prays for such other relief, at law and in equity, to which he may be justly entitled to receive."

Verified.

To the above suit defendants filed the following answer:

"1.

"NOW COMES the defendants and says that on April 7, 1964, in this Honorable Court in a certain cause therein pending, styled In Re: ELTON LERAN WHITEHEAD and ROBERT LEE WHITEHEAD, MINORS, NUMBERED 16,907 on the docket of said court and after a full and complete hearing in accordance with the law, defendant KENNETH H. LOUT was granted leave to adopt said minors, and the same matters in controversy in this cause, as by the record can be shown, were fully decided and resolved in said cause No. 16,907, and the judgment in said cause No. 16,907, is final and remains in full force and effect, in nowise reversed or made void and the same is and stands as a bar by res judicata of the present suit, and this the defendants are ready to verify by the said record.

"Wherefore defendants pray that plaintiff take nothing by this suit, and that defendants go hence with their costs, without day.

"2.

"Pleading further defendants would show the court that the judgment in said cause No. 16,907 terminated the rights of all persons, other than defendants, to the care, custody and control of said minors named in said judgment; that said judgment is in full force and effect, in nowise reversed or made void, and that

plaintiff is not entitled to visitation rights as prayed for pending the determination of his suit, nor is plaintiff entitled to any rights of care, custody and control of said minors.

"3.

"Pleading further defendants would show the court that the minors who are the subject of this controversy know no father other than KENNETH H. LOUT; that plaintiff is a stranger to them; that it would disrupt the unity of said minors family to allow plaintiff visitation pending the determination of this cause and it would not be in the best interest of said minors.

"4.

"Pleading further defendants deny each and every, all and singular the allegations in plaintiff's original petition; and demand strict proof thereof, and of this they put themselves upon the country.

"WHEREFORE defendants pray that plaintiff take nothing by his suit, and that defendants go hence with their costs without day.

"/s/ Marilyn C. Lout, Defendant

"/s/ Kenneth H. Lout, Defendant

"/s/ Joe Davis Foster

"Attorney for Defendants"

Verified.

The defendants filed their motion for summary judgment April 9, 1965, which is as follows:

"1.

"That there is no genuine or material issue of fact between plaintiff and defendants.

"2.

"That this motion is based upon the pleadings herein, the Judgment in cause No. 16,907 styled in re: Elton Leran

Whitehead and Robert Lee Whitehead, Minors, in this Honorable Court, and the divorce decree and Judgment entered in Cause No. 17,028 styled Whitehead vs. Whitehead in this Honorable Court.

"3.

"The pleadings herein and the records and Judgments of this Court above set out show without dispute that plaintiff is not entitled to recover the relief sought against defendants and that as a matter of law, defendants are entitled to a Judgment against Plaintiff denying all relief sought by plaintiff.

"Wherefore premises considered defendants, Marilyn C. Lout and husband, Kenneth H. Lout, pray that this, their motion for summary Judgment be in all things granted and that plaintiff take nothing by his suit."

This motion was set for hearing on April 19, 1965, at which time the following Judgment was entered:

"On the 19th day of April, 1965, came on to be heard defendants' motion for summary judgment in the above entitled and numbered cause wherein Elton Leon Whitehead is plaintiff and Marilyn C. Lout and husband, Kenneth H. Lout are defendants, and came the defendants, after first obtaining leave of the Court, and amended their motion for summary judgment, to which action the plaintiff duly objected and excepted, and it appearing to the Court that such motion has been made in proper form and time, that proper service thereof has been made and that the parties by their attorneys are before the Court for a hearing thereon; and it further appearing that the plaintiff has not filed an answer or opposing affidavit thereto; and the Court having considered the pleadings herein, the judgment entered in cause No. 16,907 in this Court, Styled In Re: Elton Leran Whitehead and Robert Lee

Whitehead, Minors, and the divorce decree entered in cause No. 16,028 in this Court styled Whitehead v. Whitehead, and finding that they show an absence of genuine issue of any material fact and that this sumary judgment should be rendered in behalf of defendants, it is accordingly Ordered, Adjudged, and Decreed that plaintiff, Elton Leon Whitehead take nothing of defendants Marilyn C. Lout and husband, Kenneth H. Lout and that said defendants go hence with their costs without day.

"To which action of the Court the plaintiff then and there in open court duly objected and excepted and gave notice of appeal to the Court of Civil Appeals for the Twelfth Supreme Judicial District of Texas at Tyler, Texas.

"Entered and signed this the 23rd day of April, 1965."

There appears in the record the following Stipulation of Facts which were before the court at the time of the granting of the Motion for Summary Judgment:

"On the 19th day of April, 1965, it was stipulated by defendants Marilyn C. Lout and husband, Kenneth H. Lout, by and through their attorney of record that no Notice or Citation of any proceedings to adopt the children of plaintiff Elton Leon Whitehead was issued, given, or served upon said Elton Leon Whitehead in Cause No. 16,907, In the District Court of Shelby County, Texas, 123rd Judicial District, Styled In Re: Elton Leran Whitehead and Robert Lee Whitehead, Minors.

"Said matters and facts were stipulated to and before the Court in the above entitled and numbered cause on the hearing of Defendants' Motion for Summary Judgment and before rendition of Judgment, and it is agreed that the Original of this stipulation shall be filed by the Clerk of the Court in this cause and made a part of the Transcript of the record for use in the appeal of said cause."

We have set out the proceedings in the trial court rather fully in order to reveal the fact situation of this case with that of Armstrong, Jr. v. Manzo et ux., 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed. 62, Opinion by Justice Stewart. This was an appeal from a judgment of the El Paso Court of Civil Appeals, 371 S.W.2d 407, affirming a judgment of a District Court in which a writ of error had been denied by the Texas Supreme Court. The issue involved in the Armstrong case was the validity of a Texas District Court judgment adopting the heir of the natural father by the second husband of the child's mother and with her consent, but the natural father was not a party to the adoption proceedings and had no notice of the same. The trial court proceeded upon the theory that the written consent of the natural father was not necessary where he had failed to support the child for a period of two years, and the consent of the Juvenile Court judge was secured, and that was all that was necessary to give the trial court jurisdiction. The United States Supreme Court held that the adoption decree was a denial of due process of law and that the hearing on the natural father's application to set aside the judgment did not cure the constitutional invalidity.

Justice Stewart held:

" * * * The questions before us are whether failure to notify the petitioner of the pendency of the adoption proceedings deprived him of due process of law so as to render the adoption decree constitutionally invalid, and, if so, whether the subsequent hearing on the petitioner's motion to set aside the decree served to cure its constitutional invalidity.

"In disposing of the first issue, there is no occasion to linger long. It is clear that failure to give the petitioner notice of the pending adoption proceedings violated the most rudimentary demands of due process of law. 'Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.' Mullane v. Central Hanover Bank & Tr. Co., 339 U.S. 306, at 313, 70 S.Ct. 652, at 656, 94 L.Ed. 86 [865]. 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278; Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L. Ed. 1363; Priest v. Board of Trustees of Town of Las Vegas, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751; Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 52 [520].' Id., at 314, 70 S.Ct. at 657. Questions frequently arise as to the adequacy of a particular form of notice in a particular case. See, e. g., Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255; [City of] New York v. New York, N. H. & H. R. Co., 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333; Walker v. Hutchinson City, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178; Mullane v. Central Hanover Bank & Tr. Co., supra. But as to the basic requirement of notice itself there can be no doubt, where, as here, the result of the judicial proceeding was permanently to deprive a legitimate parent of all that parenthood implies. Cf. May v. Anderson, 345 U.S. 528, 533, 73 S.Ct. 840, 843, 97 L.Ed. 1221.

"The Texas Court of Civil Appeals implicitly recognized this constitutional rule, but held in accord with its understanding of the Texas precedents, that whatever constitutional infirmity resulted from the failure to give the petitioner notice had been cured by the hearing subsequently afforded to him upon his motion to set aside the decree. 371 S.W.2d at 412. We cannot agree.

"Had the petitioner been given the timely notice which the Constitution requires, the Manzos, as the moving parties, would have had the burden of proving their case as against whatever defenses the petitioner might have interposed. See Jones v. Willson, Tex.Civ.App., 285 S.W.2d 877; Ex parte Payne, Tex.Civ. App., 301 S.W.2d 194. It would have been incumbent upon them to show not only that Salvatore Manzo met all the requisites of an adoptive parent under Texas law, but also to prove why the petitioner's consent to the adoption was not required. Had neither side offered any evidence, those who initiated the adoption proceedings could not have prevailed.

"Instead, the petitioner was faced on his first appearance in the courtroom with the task of overcoming an adverse decree entered by one judge, based upon a finding of nonsupport made by another judge. As the record shows, there was placed upon the petitioner the burden of affirmatively showing that he had contributed to the support of his daughter to the limit of his financial ability over the period involved. The burdens thus placed upon the petitioner were real, not purely theoretical. For 'it is plain that where the burden of proof lies may be decisive of the outcome.' Speiser v. Randall, 357 U.S. 513, 525, 78 S.Ct. 1332, 1342, 2 L.Ed.2d 1460. Yet these burdens would not have been imposed upon him had he been given timely notice in accord with the Constitution.

"A fundamental requirement of due process is 'the opportunity to be heard.' Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783. It is an opportunity which must be granted at a meaningful time and in a meaningful manner. The trial court could have fully accorded this right to the petitioner only by granting his motion to set aside the decree and consider the case anew. Only that would have wiped the slate clean. Only that would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place. His motion should have been granted.

"For the reasons stated, the judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

"It is so ordered.

"Reversed and remanded."

It will be observed that the Armstrong case is much stronger on the fact stipulation than the case under consideration, since the natural father had a hearing on his application to vacate the judgment and offered evidence to show that he had not failed to support his child, and his application was denied. The Supreme Court held this was not sufficient to cure the invalidity of the original adoption proceedings and reversed the case, with instructions to set aside the adoption decree and consider the case anew.

In the case before this court, the defendants filed a motion for Summary Judgment based upon the pleading and the judgment of adoption and decree of divorce which was granted by the trial court; notwithstanding there was before the court at the time the agreed statement of facts that the natural father was not a party to the adoption proceeding and had no notice thereof. We reverse the trial court summary judgment and hold that the proceedings to adopt the children by the second husband of the former Mrs. Whitehead is absolutely void and of no force or effect, and a new proceeding should be had in which the issues set out in the Armstrong case could be tried with all parties present in court.

In fairness to all parties and the court who tried this case, we note that the Opinion of the Armstrong case was delivered after the present case was tried.

Judgment of the trial court is reversed and cause remanded.