**Elton Leon WHITEHEAD, Appellant,**

v.

**Marilyn C. LOUT et vir, Appellees.**

**No. 234.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 27, 1966.

Rehearing Denied Dec. 1, 1966.

Randy and Rusty Whitehead. These parties were divorced in this Court and the care and custody of the children were placed with the mother with right of visitation by the father at all reasonable times. This decree likewise ordered the father to pay the sum of Fifteen Dollars ($15.00) per month for the support of each child. Some of the payments were made by the father shortly after the order was entered. Thereafter, Mrs. Whitehead was married to Kenneth H. Lout and Mr. Whitehead was also remarried.

Thereafter, Kenneth H. Lout, the appellee, with his wife's consent, filed suit in the same district court where the divorce decree was granted for permission to adopt the two boys of his wife. The consent of the father was denied and the appellee sought and obtained the consent of the County Judge for permission to adopt the children. In securing the consent of the County Judge, they sought to follow the provisions of Article 46a, Sec. 6, of Vernon's Ann., Tex.Civ.St., which provides as follows:

"Except as otherwise provided in this Section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if the living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence; or if there be no Juvenile

Bill F. Griffin, Jr., Center, for appellant.

Joe Davis Foster, Center, for appellees.

SELLERS, Justice.

This is a suit for adoption of two children and is the second appeal of this case (See 395 S.W.2d 68). We refer to this reported case for a full statement of all the facts.

We deem it here sufficient to say that Elton Leon Whitehead, appellant, was the former husband of Mrs. Kenneth H. Lout and to that marriage was born two boys,

Court, then on the written consent of the Judge of the County Court of the county of such child's residence."

This appeal is to be governed by a determination of the question of whether the evidence offered on the trial shows that the appellant violated this statute by failing to support the children for two years immediately prior to the judgment of adoption.

While the petition alleges abandonment of the children by the father as grounds for adoption, the trial court did not find abandonment as grounds for the Judge of the County Court to give the necessary consent of the father for the adoption but found only that the said Leon Whitehead had failed for two years to contribute to the support of the children commensurate with his ability to pay. In passing upon the evidence in this case to support the trial court's finding of failure of Leon Whitehead to make child support payments for two years commensurate with his ability to pay, we desire to call attention to the construction placed on our adoption statutes by some of our courts. In the case of Lee v. Purvin, Tex.Civ.App., 285 S.W.2d 405, we find the following holding of that court:

"We think the public policy of this State, as expressed in all of the adoption statutes which have been enacted or amended by the Legislature from time to time, has been to protect the sanctity of the home and the natural relationship existing between parent and child by providing that no adoption of the normal offspring of worthy parents should be permitted except with the written consent of the living parents of the child sought to be adopted. Any other policy would, in our opinion, do violence to the fundamental concepts upon which our social order rests and would tend to establish a form of Statism not to be tolerated in this country. It is readily apparent from a casual reading of that portion of the adoption statutes

above quoted that under its provisions no adoption is authorized except with the written consent of the living parents, unless such parent or parents shall have proven himself, herself, or themselves unworthy by abandoning and deserting for a period of two years the child sought to be adopted."

In the case of Strode v. Silverman, Tex. Civ.App., 209 S.W.2d 415, it is held:

"* * * Voluntary abandonment, as used in the adoption statute, does not include an act or a course of conduct pursued by a parent which is done through force of circumstances or dire necessity, but it is used more in a sense of a wilful act or course of conduct, and such as would imply a conscious disregard or indifference to such child in respect to the parental obligation that the parent owes to such child. * * *"

The above case was recently cited, with approval by the Supreme Court in the case of Hendricks v. Curry, 401 S.W.2d 796. In the Hendricks case, the court further held that where consent to adoption of a child by the parents is required, the same can be withdrawn at any time before adoption decree is entered.

Applying this rule to the facts of this case, it would seem to this court that where the failure of Leon Whitehead to make child support payments ordered by the court was not due to a course of conduct on his part that would show a conscious disregard or indifference to such children, that Whitehead did have a right to come into court and pay into the court the child support for the two years in which he is charged with having failed to make payments, and thereby defeat the right of the appellees to adopt his children.

The facts with reference to Leon Whitehead's failure to make payments are briefly as follows: No effort was made by the appellees during the two years complained

of to require payment by contempt proceedings in the court, which they had a right to do. On more than one occasion, Leon Whitehead sent through the mail Post Office money orders for the children's support which money orders were returned each time. He likewise sent Christmas presents for the children which were also returned. When the money was returned, the same was placed in a savings account for the children. Although he was given the right in the original divorce proceedings to visit the children at reasonable times, he was consistently denied the privilege of visiting with them. Before the judgment of adoption was entered, the court entered the following order which is self-explanatory:

"On the 15th day of January, 1965, came on to be heard Plaintiff's application contained in his Original Petition to be allowed to visit with the minors, Elton Leran Whitehead and Robert Lee Whitehead * * *, and to be allowed to have contact with said children and to contribute to the support of said children and make gifts to them, and came the plaintiff Elton Leon Whitehead in person and by attorney and came the defendants by their attorney of record, and the Court, having heard and considered such application, is of the opinion that such application should be in all things denied;

"It is therefore ORDERED, ADJUDGED and DECREED that plaintiff's said Application be and the same is hereby in all things denied.

"SIGNED AND ENTERED this the 7th day of May, 1965.

"/s/ WARD CHANDLER
JUDGE PRESIDING"

Without a further discussion of the facts, it is our opinion that the trial court's finding and conclusion that Leon Whitehead, the natural father, failed to contribute to the support of his minor children for more than two years commensurate with his ability is not sustained by the evidence. We are further of the opinion that the findings of the trial court in this regard are so clearly against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

The judgment of adoption is therefore reversed and the cause remanded.