**Kenneth H. LOUT et ux., Petitioners,**

v.

**Elton Leon WHITEHEAD, Respondent.**

**No. B–30.**

Supreme Court of Texas.

May 17, 1967.

Joe Davis Foster, Center, for petitioners.

Bill F. Griffin, Jr., Center, for respondent.

SMITH, Justice.

This is an adoption proceeding. In this case, Kenneth Lout seeks to adopt two minor sons born to the marriage of Elton Whitehead and Marilyn Whitehead. Elton Whitehead and Marilyn were married in August, 1955, and to that marriage were born two sons who are the subjects of this adoption proceeding. On December 12, 1960, Elton and Marilyn were divorced and custody of the two minor sons was awarded to the mother with right of visitation by the father at all reasonable times. The judgment ordered that Elton, the father, pay the sum of $30.00 per month, beginning January 1, 1961, for the support of the two children.

Marilyn subsequently married the petitioner, Kenneth Lout. Elton was also remarried. Sometime after her marriage to Kenneth Lout, Marilyn gave her consent and joined Kenneth in his petition to be allowed by the Court to legally adopt the two minor children pursuant to Article 46a,

§ 6, Vernon's Annotated Civil Statutes.[1] The petition for adoption was granted without notice to the natural father. On appeal the judgment of adoption was reversed, the Court of Civil Appeals holding that the proceeding to adopt the children was void because of the lack of notice to the natural father. Whitehead v. Lout, 395 S.W.2d 68 (Tex.Civ.App.1965, no writ hist.).

Thereafter, on November 5, 1965, Kenneth and Marilyn filed a petition in the district court of Shelby County for the adoption of the two minor children in which they alleged that respondent, Whitehead, had failed to support the children for a two-year period commensurate with his financial ability and had for a period of more than two years abandoned and deserted the children. On January 4, 1966, after full notice to the parties, the County Judge of Shelby County granted his consent for the adoption, pursuant to Article 46a, § 6, supra, because the proof established that the respondent had failed to contribute substantially to the support of the children commensurate with his financial ability for a period of two years. Subsequently, on January 5, 1965, the trial for the adoption of the two children was held in the district court in which all parties were present. Trial was to the judge sitting without a jury. Judgment was rendered on February 4, 1966, that the petitioner be allowed to adopt the children because the natural father had failed for a period of more than two years to contribute substantially to the support of the children commensurate with his financial ability. From this judgment the respondent appealed to the Court of Civil Appeals. That court reversed and remanded the cause. 408 S.W.2d 569.

Whitehead as appellant in the Court of Civil Appeals attacked the judgment of the trial court by six points of error. The Court of Civil Appeals did not pass on several of the points, but confined its consideration to the points relating to whether respondent failed for a two-year period to contribute substantially to the support of the children commensurate with his financial ability and the question of whether such failure was due to a course of conduct on his part showing indifference to the welfare of the children. We deal with this latter question later in this opinion. We have concluded that the judgment of the Court of Civil Appeals based on its holding that before an adoption without the natural parent's consent is authorized the evidence must establish that the respondent failed to support the children for a period of two years immediately prior to the judgment of adoption is erroneous; therefore, we will not only dispose of the law questions presented in the application for writ of error, but we will also dispose of the other points not considered by the intermediate court which, if sustained, would require an affirmance of that court's judgment.

■ We first consider the holding on which the Court of Civil Appeals based its judgment. The Court of Civil Appeals has held that to authorize an adoption without the consent of the natural parent the evidence must establish that the natural parent failed to make child support payments commensurate with his financial ability for a

---

1. "Sec. 6. Except as otherwise provided in this Section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, *for a period of two (2) years,* and shall have left such child to the care, custody, control and management of other persons, or if such parent or parents shall have not contributed substantially to the support of such child during *such period of two*

*(2) years* commensurate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence; or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence. * * *" [emphasis added.]

period of two years *immediately prior to the judgment of adoption.* We do not agree with this premise. It will be noted that the statute speaks of "a period of two (2) years." Nowhere in the statute are words which confine the period to two years immediately prior to the judgment of adoption. Indeed, "a" period of two years connotes *any* two-year period. In accord with his interpretation of the statute are the cases of Jones v. Bailey, 284 S.W.2d 787 (Tex.Civ.App.1955, writ ref'd n. r. e.) and Pearson v. Newton, 371 S.W.2d 126, 127 (Tex.Civ.App.1963, no writ hist.). In *Jones,* the question was squarely before the court, as here, whether after two years of nonsupport a resumption of payment would bar the stepfather's right to adoption without the written consent of the natural father. The court held such resumption was not sufficient to defeat the accrued right of the stepfather to adopt the child without the consent of the natural father. In so holding, the court said:

"If such were the rule, the delinquent father could at anytime after the two years of nonsupport provided for in the statute, and before his child is adopted, avoid the adoption by a few current payments of child support, and thereby start a new two-year period of nonsupport under the statute."

In the *Pearson* case, the father, after a period of over two years of nonsupport, began to make the payments after the filing of the adoption proceedings. The court there held that this action was insufficient to defeat the stepfather's right, which accrued after the two-year period of nonsupport, to adopt the child without the natural parent's written consent. We hold that once *a* two-year period of unexcused nonsupport occurs, an adoption of the child without the consent of the father may be granted pursuant to the statutory provisions.

■ As we construe the statute, it was incumbent on the petitioner to prove that respondent had failed for a period of two

years to contribute substantially to the support of his children commensurate with his financial ability. See Armstrong v. Manzo et ux., 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), opinion adopted in In re Armstrong's Adoption, 394 S.W.2d 552 (Tex.Civ.App.1965, no writ hist.). In this connection we point out that the respondent in the present case related a history of gainful employment from the date of divorce through the trial of this cause. The respondent's occupation during the period following his divorce, and until the trial, was that of a truck driver. He changed jobs from time to time, and would sometimes work on a commission basis and at other times on a straight salary. During the critical period between the date of the divorce and the date of the trial his lowest take-home pay was approximately $64.00 a week when he was working on a commission basis; however, when he was working for a salary he earned as much as $600.00 a month. We think that this record of employment compels the conclusion that Whitehead was financially able to make some payments of child support.

■ We next consider whether the evidence establishes a two-year period in which no support money was paid. Marilyn Lout testified that the only support money she received from respondent was $82.00 which was paid between December 1960 to June 1961. The respondent takes the position that the trial court erred in finding that there was a two-year period in which he had failed to support the children commensurate with his financial ability. We do not agree with this position. In this connection we note the child support payments that were allegedly made or offered. From December 1960 to June 1961, a total of $82.00 was paid in cash to Marilyn Lout. In March 1961 $20.00 in money orders were sent to the boys for birthday presents. These facts are undisputed. In December 1961, Christmas presents consisting of clothes and a toy were sent to the boys. It is shown by way of a bill of exception that in March 1962, money orders alleged-

ly totaling $250.00 were enclosed in letters sent to the boys. The envelopes containing these alleged money orders were marked refused and returned to respondent. In March 1963, money orders allegedly totaling $740.00 were sent to the children; the envelopes were marked refused and returned to respondent. In March 1964, money orders allegedly in the amount of $881.00 were sent to the boys; again, the envelopes were marked refused and returned to respondent. Finally, on January 15, 1965, money orders totaling $60.00 (dated December 1964 and addressed to the boys) were tendered into court. Since the money orders which allegedly totaled an amount of $250.00, $740.00 and $881.00, respectively, were not produced at the trial, their amount and to whom they were made payable were excluded from the testimony upon petitioner's objections based on the best evidence rule. While it is true that the amounts of the money orders were included in respondent's bill of exception, no assignment of error was made by respondent in the Court of Civil Appeals to the trial court's refusal to admit that evidence into the record; therefore, respondent waived any right to complain on appeal of the trial court's ruling. Talbott v. Hogg, 298 S.W.2d 883 (Tex.Civ.App.1957, writ dism'd). Thus, the amounts of the money orders and to whom they were made payable were not properly before the court. The only evidence of child support payments properly before the Court of Civil Appeals and this Court are the payments from December 1960–June 1961, and the sum of $60.00 tendered into court on January 15, 1965. It can thus be seen there is a hiatus of over two years, to wit, June 1961–January 1965 in which the evidence conclusively establishes no payment of child support was made or tendered.

Conceivably a natural father could after two years or more of nonsupport resume compliance with the order of the court and thenceforward make support payments in substantial support of his children in accordance with such order. As heretofore pointed out, however, this record does not present such a factual situation.

■ In the present case the Court of Civil Appeals held that since the respondent's failure to make child support payments was not due to a course of conduct showing a conscious disregard of the children, he had a right to come into court and pay the delinquent payments he was charged with missing and thereby defeat petitioner's right to adopt the children. We do not agree with this interpretation of the statute. While an inquiry into a course of conduct showing conscious indifference is relevant in determining whether a parent has voluntarily abandoned a child, determination of that matter is unnecessary when the court is charged, as here, solely with determining whether a parent has failed for a period of two years to contribute substantially to the support of his children commensurate with his financial ability. This is true since the statute provides that an adoption without the written consent of the parent may be made with the consent of the county judge either upon a showing of voluntary abandonment and desertion *or* a failure to support the children for a period of two years commensurate with the parent's financial ability.

■ We now consider the points in the appellant's brief not passed on by the Court of Civil Appeals in order to determine whether that court's judgment which reversed and remanded the cause may be affirmed. The appellant (respondent in this Court) complained in the Court of Civil Appeals that the trial court erred in not granting his motion to dismiss the adoption proceeding. Numerous and diverse reasons were contained in this motion. The judgment of the trial court recites that this motion was not presented until after the petitioner had called his first witness to the stand. No testimony was introduced in support of the motion, but five exhibits were offered in support thereof. Four of the exhibits were excluded from the evidence and no assignment of error was made

in the intermediate court of the trial court's exclusion of those exhibits and, therefore, any right to complain on appeal of the court's action in excluding those exhibits was waived. *Talbott* case, supra. The fifth exhibit was the divorce decree of Marilyn Lout and Elton Whitehead. This decree does not support the motion to dismiss the adoption proceeding. We thus find no error in the trial court's ruling in denying the motion to dismiss.

The appellant also complained that the trial court erred in not granting his "Alternate Motion to Dismiss or Withhold." Again, this motion was not presented until after the parties had gone to trial. The motion was predicated on the fact that respondent had previously petitioned the trial court for a modification of his visitation rights and a change of custody of the children. This motion to dismiss like the original motion to dismiss was without merit. The point alleging error is overruled.

Finally, complaint was made of the trial court's ruling denying respondent a jury in the adoption proceeding. Assuming without deciding that a party may demand a jury in an adoption case, this motion was not made until the parties had proceeded to trial. The final judgment of the trial court so recites. We overrule this point.

We come now to the judgment to be entered in this cause. The Court of Civil Appeals had points before it to the effect that the findings of the trial court that Whitehead failed to contribute substantially to the support of his children commensurate with his financial ability for a period of two years were against the great weight and preponderance of the evidence. Of course, these are points over which the Court of Civil Appeals has final jurisdiction. That court sustained these points and accordingly reversed and remanded the cause. However, since we have held as a matter of law that Whitehead failed to contribute substantially to the support of his minor children commensurate with his

financial ability for a period of two years, there is no issue of fact to be determined by the intermediate or trial court.

We therefore reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.