**James Oris CAWLEY, Appellant,**

v.

**D. G. ALLUMS, Appellee.**

**No. 760.**

Court of Civil Appeals of Texas, Tyler.

May 9, 1974.

Rehearing Denied June 20, 1974.

Smead, Roberts, Harbour, Smith, Harris & French, Earl Roberts, Jr., Longview, for appellant.

Eldred Smith, Longview, for appellee.

McKAY, Justice.

This suit was brought by D. G. Allums, joined by his wife, Karah M. Allums, for the adoption of a minor child, James Kevin Cawley. James Kevin Cawley is the natural child of Karah Allums and the appellant, James Oris Cawley. They were divorced in April of 1971 and Karah later married D. G. Allums, appellee. Appellee

alleged in his pleadings that written consent by appellant was not necessary because appellant had not contributed substantially to the support of said minor commensurate with his financial ability for a two-year period immediately preceding the filing of the petition for adoption.

Trial was before the court without a jury and judgment was rendered granting adoption of the minor child by appellee and terminating all parental rights and interests of appellant.

Appellant brings six points on appeal, all of which are concerned with whether appellant contributed substantially to the support of the minor child for a period of two years commensurate with his financial ability, and therefore, whether his written consent was required for such adoption.

Art. 46a, sec. 6(a) Vernon's Ann.Civ. St., provides:

"Except as otherwise provided in this section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, or *if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default * * *"* (Emphasis added.)

The trial court made findings of fact that (1) Karah M. Cawley and James Oris Cawley were divorced on April 21, 1971, and custody of the minor child of the parties, James Kevin Cawley, was awarded to the mother, and appellant was ordered to pay $200.00 per month as child support; (2) an agreed order was entered on January 26, 1972, reducing the monthly child support payments to $135.00; (3) appellant had not asked for change or modification of the order; (4) the minor child, James Kevin Cawley, male, was born December 17, 1966, in Tyler, Texas; (5) Karah M. Cawley, the minor's natural mother, married D. G. Allums, the petitioner, on July 15, 1972, and joined in adoption petition, and minor had resided in petitioner's home since July 15, 1972; (6) petition for adoption was filed August 8, 1973, was heard by the court October 10, 1973, and judgment rendered October 30, 1973, granting the petition for adoption; (7) James Oris Cawley had regular total income of $22,116.00 for the period of 1971 to August, 1973; (8) James Oris Cawley paid child support from April 21, 1971, the date of divorce, through August, 1973, as follows:

|  | 1971 | 1972 | 1973 |
|---|---|---|---|
| January |  | $200.00 | none |
| February |  | 150.00 | $ 60.00 |
| March |  | none | 60.00 |
| April |  | none | none |
| May | none | none | none |
| June | none | none | none |
| July | $200.00 | none | $ 80.00 |
| August | 200.00 | none | 135.00 |
| September | 200.00 | none |  |
| October | 200.00 | none |  |
| November | 200.00 | none |  |
| December | none | none |  |

and after petition for adoption was filed, payments of $135.00 were made for September and for October, 1973; and (9) written consent of the Juvenile Judge of Gregg County, Texas, was filed.

After finding the minor child was a proper subject for adoption, the trial court found in its conclusions of law that James Oris Cawley failed to support James Kevin Cawley for a period of two (2) years commensurate with his financial ability, and, as a matter of law, the consent of James Oris Cawley was not required to the adoption of such minor child.

The record* indicates that if appellant had made the child support payments ordered by the court from May, 1971 through August, 1973, he would have paid a total

of $4,365.00; he actually paid only $1,685.-00 of this amount. There were seventeen months during this 28-month period that he made no payment at all.

■ The period of two years that a natural parent fails to make child support payments commensurate with his financial ability need not be immediately prior to the judgment of adoption, but may be any two-year period. Lout v. Whitehead, 415 S.W.2d 403 (Tex.1967). During any two-year period carved out of the 28 months after the divorce of Karah Allums and the appellant, there were fifteen months where no support was paid.

By his points 1–4 appellant alleges the trial court erred in granting the adoption without his written consent because he did not fail to contribute substantially to the support of James Kevin Cawley for a period of two years commensurate with his financial ability. In this connection, he argues that a two-year period must exist in which no support payments are made to the minor child in order to adopt without the written consent of a natural parent. Since no twenty-four month period exists wherein the appellant did not make some payment, he contends that his consent is required.

■ We think the wording of Art. 46a, sec. 6(a), Texas Rev.Civ.Stat., precludes such an interpretation. The appellant's interpretation fails to give any emphasis to the word "substantially" as it appears in the statute. The pertinent part of Art. 46a, sec. 6(a) appears as follows:

" * * * or if such parent or parents shall have not contributed *substantially* to the support of such child during such. period of two (2) years commensurate with his financial ability, then, * * *" (Emphasis added.)

As we construe the statute, the legislature designated a two-year period of time within which the court must examine the contributions of the parent or parents to determine if such contributions have substan-tially aided in the support of his child, but with consideration given to the financial abilities of the parent. A single support payment in full compliance with the amount ordered by the court does not necessarily begin a new two-year period running; rather it is taken into consideration as a part of the support provided by the parent to determine if he has contributed substantially to the support of the child over the two-year period under consideration. To hold otherwise would allow a neglectful parent to make a single support payment once in every two-year period and prevent adoption by a suitable person who desires to care for the needs of the child. Such is not in the best interests of the minor child. We must assume the legislative intent was for the protection and welfare of the child. Points one through four are overruled.

Appellant's points five and six state that there was no evidence or the evidence was factually insufficient to support the trial court's findings that he failed to support James Kevin Cawley commensurate with his financial ability for a two-year period prior to the filing of the adoption petition. It is uncontroverted that in any continuous two-year period carved out of the twenty-eight months between the time of the divorce and the filing of the adoption petition, there were fifteen months when no support was paid. Appellant's excuse for failing to make the child support payments ordered by the court was that his expenses equaled or exceeded his take-home pay. In September, 1971, he had a ceremonial marriage with a woman who had three children, but it was discovered she had not been divorced from her last husband. He lived with and supported her and her children fifteen months before they separated. However, he claimed that while living alone his expenses were equal to his income. He was regularly employed during the entire period of twenty-eight months with the Y. M. C. A. in Longview or the Y. M. C. A. in Austin except for a short period when he worked at a boys' camp. Although the statement of facts is some-

**406**

what confusing, the appellant's gross monthly income exceeded $700.00 with but a few exceptions throughout the period under consideration.

 In determing whether trial court findings are sufficient as a matter of law, or in determining whether the findings are supported by any evidence of probative value, the reviewing court will give credence only to the evidence favorable to the findings, and will disregard all evidence to the contrary. On the other hand, when it is asserted that the evidence is insufficient as a matter of fact, or that the judgment is against the great weight of the evidence, the court of civil appeals must weigh and consider all the evidence in the case regardless of whether there is some evidence of probative force to support the judgment. See 4 Tex.Jur.2d Appeal and Error, sec. 839, p. 403.

█ We hold the record contains some evidence of probative force to support the trial court's findings that appellant failed to contribute substantially to the support of his child for a period of two years commensurate with his financial ability. Also, we have carefully considered the entire record and hold that the evidence was not factually insufficient to support the trial court's findings. Therefore, written consent of appellant to the adoption was not required. Points 5 and 6 are overruled.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

In his motion for Rehearing, and Amended Motion, Appellant complains of the findings concerning his monthly payments of child support. He contends certain monthly payments were made which are not shown to have been paid in our original opinion.

█ The findings of fact as filed by the trial court appear in our original opinion. These findings by the trial court were not challenged by appellant in his brief on appeal to this court. As set out in Kroger Company v. Warren, 420 S.W.2d 218 (Tex.Civ.App.—Houston 1st, 1967, no writ):

"It is necessary, however, that material findings of fact be challenged by appropriate points in appellants' brief or else the appellants are bound by the findings of fact."

The motion for rehearing is overruled.