Richard Eugene **FLOYD** et ux., **Appellants,**

v.

Tommy **SEWARD, Appellee.**

No. 6398.

Court of Civil Appeals of Texas, El Paso.

Feb. 26, 1975.

Ed Keys, Monahans, for appellants.

Calvin W. Wesch, Kermit, for appellee.

OPINION

OSBORN, Justice.

This is an adoption case. The trial Court denied the adoption because the proof did not establish that the father had failed to contribute to the support of his two minor children for two years prior to the filing of the petition for adoption by the mother of the children and her present husband. We reverse and remand.

The Appellant, Mildred Sandra Floyd, and Appellee, Tommy Ray Seward, were divorced on December 4, 1969. The two children of that marriage, James, three years old, and Dana, one month old, were awarded to their mother. The father was ordered to pay $90.00 per month as child support. The mother married Richard Eugene Floyd on March 26, 1970, and they filed their petition for adoption on March 23, 1973, along with the mother's consent. The consent of the County Judge was subsequently filed along with a report of investigation which favored such adoption. The Appellee filed his answer and did not consent to the adoption, but alleged that he had contributed substantially to the support of his children during the period of two years prior to the filing of the petition, and prayed that the adoption be denied.

The record reflects that the Appellee made support payments as shown in the note below.[1] During a hearing on the is-

1.

| | 1969 | | | 1970 | | | 1971 | |
|------|------|------|-------|------|--------|------|------|------|
| Dec. | $90 | Jan. | $45 | July | $ 45 | Feb. | $45 |
| | | Feb. | 90 | Aug. | 90 | May | 90 |
| | | March | 90 | Sept. | 90 | July | 90 |
| | | April | 90 | Oct. | 90 | Nov. | 45 |
| | | May | 45 | Nov. | 0 | | |
| | | June | 90 | Dec. | 135 | | |

sue of nonsupport, the evidence was not reported by a court reporter, but Appellants assert that Mr. Seward testified that from March 1, 1971, to March 23, 1973, he did not commensurate with his financial ability contribute substantially to the support of his minor children. Following a subsequent hearing on January 11, 1974, on the issue of whether or not Richard Eugene Floyd was a proper person to adopt the minor children, the trial Court denied the adoption but expressly found that the Appellant's "personal life, home and total environment is very suitable" and except that Appellee had not failed to contribute substantially to the support of said minor children during the two-year period prior to the filing of the petition for adoption, said adoption should be granted. The judgment denying the adoption was signed and entered on March 15, 1974.

■ The Appellants in a single point of error contend that the trial Court erred in holding that Appellee did not fail to contribute substantially to the support of the children during a period of two years prior to the filing of the adoption petition. At the time of oral argument in this case there was pending on appeal in the Texas Supreme Court the case of Cawley v. Allums, 511 S.W.2d 402 (Tex.Civ.App.—Tyler 1974), which opinion in the Court of Civil Appeals was favorable to Appellants' position in this case. That case has now been decided by the Supreme Court adversely to the Appellants' position herein. Cawley v. Allums, 518 S.W.2d 790 (Tex. 1975). In that opinion the Court held that where the period from the date of commencement of default in support payments to the date the adoption petition is filed is less than two years, the adoption may not be granted on grounds of nonsupport under Sec. 6(a) of Article 46a, Vernon's Tex.Rev.Civ.Stat.Ann. As shown by the footnote the Appellee made two and a half payments during the two-year period preceding the filing of the petition for adoption in March, 1973. Thus there was no two-year period during which the Ap-

pellee was in default and the trial Court correctly denied the petition for adoption insofar as the two-year statute is concerned.

■ But prior to the final hearing and entry of the judgment in this case, the Legislature passed Title 2 of the Texas Family Code, V.T.C.A., thereby repealing Article 46a, Tex.Rev.Civ.Stat.Ann. The new statute provides in § 15.02 that a parent-child relationship may be terminated where the parent has:

"(E) failed to support the child in accordance with his ability during a period of *one* year ending within six months of the date of the filing of the petition; * * *" (Emphasis added).

In addition Section 4(a) of Title 2 of the Texas Family Code provides:

"*This Act takes effect on January 1, 1974, and governs* all proceedings, orders, judgments, and decrees in suits and actions brought after it takes effect, and also *all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in an action pending* when this Act takes effect *would not be feasible or would work injustice.* All things properly done under any previously existing rule or statute prior to the taking effect of this Act shall be treated as valid." (Emphasis added).

In its final judgment the trial Court did not find that the application of § 15.02 and the one-year period of nonsupport would not be feasible or would work an injustice. Without such a determination the trial Court should have given effect to § 15.02 and granted the adoption, because there was no contention that Appellee had supported his minor children during the one-year period from March 23, 1972, to March 23, 1973, when the adoption petition was filed.

If upon rehearing the trial Court concludes that as to this proceeding which was pending on January 1, 1974, the application of Title 2 would not be feasible or would

work an injustice then the adoption should be denied, otherwise, the Appellee's rights as a parent may be terminated for nonsupport for one year and then the adoption could be granted.

Having concluded that the trial Court erroneously applied the standards set forth in Article 46a rather than § 15.02 of the Texas Family Code without first concluding that application of § 15.02 would not be feasible or would work an injustice, the case is reversed and remanded to the trial Court. Since the case was not developed under the terms of the new statute, we remand for further proceedings in the interest of justice. Morrow v. Shotwell, 477 S.W.2d 538 (Tex.1972).