**Louis C. LEITHOLD, Appellant,**

v.

**Gilbert Norman PLASS et al., Appellees.**

**No. 687.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 29, 1972.

Roland M. Searcy, Jr., Bryan, for appellant.

D. Brooks Cofer, Jr., Thelma Van Overbeek, Cofer & Van Overbeek Inc., Bryan, for appellees.

BARRON, Justice.

This is a suit to set aside a judgment of adoption. On September 11, 1970, the District Court of Brazos County, Texas, 85th Judicial District, entered its default judgment of adoption in favor of Gilbert Norman Plass, joined by his wife, Thyra Nichols Plass, for adoption by Dr. Plass of a minor child, Gordon Marc Leithold, with change of surname and the usual relief in adoption cases. The child had been adopted by Mr. and Mrs. Leithold during the child's early age while they were married, Mrs. Plass being the former Mrs. Leithold. The said parties, at the instance of and petition of Mrs. Plass, were divorced in 1962 in Arizona by judgment of the Superior Court of Maricopa County, Arizona. Marc, at the time of the adoption judgment above referred to, was approximately eleven years of age.

Leithold, having no knowledge of the proceedings for adoption or of the judgment rendered granting the adoption to Dr. Plass, on June 10, 1971, filed his motions and proceedings in the 85th District Court above. In his "supplemental motion for new trial", Leithold petitioned the court to annul, vacate, set aside and hold for naught the judgment of adoption rendered on the 11th day of September, 1970, above referred to, with general relief, and he prayed for nothing more. Plaintiff's grounds for such action were alleged to be (1) that he had never given his consent in writing or otherwise to any adoption of his son by any person; (2) because the judgment and decree of adoption was procured by fraud, circumvention, and upon false and perjured testimony, and the finding that such child was a proper subject for adoption was false; (3) a specific denial that plaintiff had voluntarily abandoned and deserted said child; (4) a denial that Leithold had not contributed to the support of the minor child commensurate to his financial ability for a period of more than two consecutive years through the period from June, 1963, to July, 1967, and that such proof, if any, was based upon false and perjured testimony; (5) a denial that he was ever lawfully served with process in said cause, and that the adoption was granted without his knowledge,

he being the lawful father of the child; (6) a general denial that plaintiff had ever voluntarily abandoned or deserted the minor child; (7) and that the judgment of adoption was secured by service upon Leithold by publication, of which he had no actual notice until shortly before the instant action was filed. Leithold, of course, made no appearance in the original suit.

While the plaintiff referred to and labeled his action or motion as a supplemental motion for new trial, the relief he sought is plain from the pleadings, and we hold that this proceeding is not a typical bill of review but one particularly suited to the necessities and needs of an adoption case of this sort, in the general nature of a bill of review, as mentioned and applied in Gunn v. Cavanaugh, 391 S.W.2d 723, 726 (Tex.Sup.1965). The Plasses answered by alleging the validity of the judgment of September 11, 1970, that Leithold's consent was not necessary under the circumstances and that they had fully complied with the law, that notice and citation were proper and valid, and that said adoption was not procured by fraud. Further, they generally denied the allegations of plaintiff's petition or motion.

The trial court at the conclusion of the testimony heard on the bill, refused the relief prayed for by plaintiff and upheld the adoption of September 11, 1970 in all respects. Also, the trial court made certain specific findings of fact and conclusions included in his judgment which in effect stated that his prior judgment complied with the law in all respects; that there was no fraud; that Leithold had not contributed to the support of the child for more than two consecutive years; that plaintiff's consent was not required; that service by publication was proper; and that the Plasses had made a diligent effort to locate plaintiff who did not desire that the Plasses find and locate him.

As is usual in this type of case, the facts indicate a stormy and unsavory background so far as the welfare of the child is concerned. Leithold and Mrs. Plass, while husband and wife, adopted Marc Leithold. They were divorced by decree of the above Arizona court in 1962. Mrs. Plass was awarded custody of the child and Leithold was accorded certain visitation rights. Thereafter the mother was married to Dr. Gilbert Norman Plass and moved from Arizona to Dallas, Texas in 1963. Leithold now lives in California and is a professor of mathematics at the University of Southern California. In 1965, plaintiff instituted suit against his former wife and her present husband in the Juvenile Court of Dallas County, Texas seeking modifications of the Arizona decree upon allegations of changed conditions and circumstances. The Dallas court modified the Arizona decree with respect to plaintiff's visitation rights by granting him visitation in his home in Malibu, California, from September 2 to September 12, 1965, and for a two-week period of each year thereafter commencing with the year 1966. Appropriate enforcement orders were issued by the Texas court. This action was apparently vigorously opposed by the Plasses. See Leithold v. Plass, 413 S.W.2d 698 (Tex.Sup.1967), in which case Leithold's contentions were affirmed. The Plasses, after their marriage, had moved to Santa Ana, California and eventually moved to Dallas.

However, in some manner the Superior Court of Maricopa County, Arizona again enters the picture. On April 18, 1969, apparently after a temporary order of that court denying any visitation rights to Leithold, that court entered an order *wholly and completely* denying any visitation rights at all to Leithold with Marc, his son. This was an unusual order, according to this record, to say the least. Approximately 17 months later, the Plasses obtained the 1970 judgment of adoption purporting to cut off all rights of parenthood on the part of Leithold, who had already been barred by an Arizona court from the basic privilege of *all* visitation rights with his son.

We have been favored in the transcript, apparently by agreement of the parties, with what purports to be a complete (but brief) transcript of the testimony adduced at the hearing in connection with the adoption judgment. This reveals that Mrs. Plass, in a general statement to the trial court, testified that she had received no support and maintenance for Marc (apparently from Leithold) from June, 1963 to July, 1967 (about the time the Dallas County judgment recognizing Leithold as the father of Marc and awarding him the above mentioned visitation rights became final). However, Leithold has filed an affidavit in connection with his bill, appearing in the transcript, that the Arizona court, through which he had been paying child support, informed him that his child support payments were not being cashed. This statement was supported by the instant record. It was then that Leithold suspected something was wrong, and of course he never saw or read the notice by publication published in a Bryan, Texas newspaper. He kept in touch with his son by mail at reasonable times but gave no return address.

■■■ Concerning the affidavit for citation by publication signed by the Plass' attorney, there is much controversy concerning the "due diligence" used to ascertain the whereabouts of Leithold. The instant record shows that a number of persons, including known attorneys for Leithold, his mother and others could have furnished information concerning his whereabouts and could have kept him informed, but that the Plasses did not contact or make inquiry of such persons. We believe the testimony is sufficiently disputed to warrant the trial court's findings in this connection in the case at bar. It was shown that while Leithold was a resident of California with specific residence and mailing addresses at Santa Monica, California, he was also in London, England a portion of the time and had business connections in California and in Europe. He spent quite a lot of his time in the United States and

in England. Yet, he could have been reached by mail through a number of persons and institutions whom he constantly kept informed of his whereabouts. The Plasses apparently made two inquiries, viz.: his claimed address at Malibu, California and with California State College at Los Angeles, where he had been teaching, to no avail. Non-resident citation was attempted without success, in compliance with Rule 109, Tex.R.Civ.P., at his alleged last-known place of residence at Malibu, California. The process server of that citation stated in his return that attempted service was made, but that "he was informed that he (Leithold) no longer resides at 2651 Rambla Pacifico by the party now residing at 2651 Rambla Pacifico", and that both parties *indicated* that, to their knowledge, Mr. Leithold left no forwarding address, and that his whereabouts was unknown to them. The statement, obtained from unknown persons, was purely hearsay and has no evidentiary value. Leithold admitted that he did not wish the Plasses to know his whereabouts, because they had severely harassed him and had had him assaulted, for which they were prosecuted in Arizona by the County Attorney. This was not denied.

This appeal has been perfected by Louis C. Leithold, designated plaintiff below, who is appellant here.

Appellant complains that the trial court erred in authorizing service by publication on Leithold in the prior adoption proceeding of September 11, 1970, he contends that the findings pertaining to service by publication are against the great weight and preponderance of the evidence, and he contends that he was denied due process because he was not afforded proper notice.

The Texas adoption statute, Vernon's Tex.Rev.Civ.Stat.Ann. art. 46a (1931) provides that when an adoption petition is filed without the written consent of the child's natural parent, that citation issue to each non-consenting parent, and that citation be served in accordance with the statutes and Rules of Civil Procedure gov-

erning service of process in other civil cases. In the present case, the attorney for appellees filed wtih the clerk the following affidavit necessary for the authorization and issuance of citation by publication:

### "AFFIDAVIT FOR CITATION BY PUBLICATION

" . . . (T)he attorney for the Petitioner, GILBERT NORMAN PLASS and wife, THYRA NICHOLS PLASS, in the above entitled cause being duly sworn says that LOUIS C. LEITHOLD is a nonresident of the State of Texas and that said Petitioners, the party applying for Citation for Service by Publication has attempted to obtain service of nonresident notice upon the said LOUIS C. LEITHOLD as provided for in Rule 108 of Texas Rules of Civil Procedure but has been unable to do so, as is stated on the return of Citation in said cause issued on July 1, 1970; that the said *affiant* herein has made due diligence to determine the location of the said party but has been unable to locate his *whereabouts*; and that the Petitioners herein have no information as to another address of said party and they also have made *due diligence* inquiry for the same; that the only information on this date is that communications have been received from outside the continental United States.

"WHEREFORE, said attorney prays that Citation be issued for Service by Publication." (Emphasis added.)

The above affidavit was duly sworn to before a Notary Public in and for Brazos County, Texas and was filed on July 21, 1970. Rules 108 and 109, Tex.R.Civ.P., govern the requirements of non-resident service and service by publication. As stated above the appellees did attempt service under Rule 108 without success.

The requirements of Rule 109 and the affidavit for citation by publication, which are given a rather strict interpreta-

tion because of the dangers of such type of service, are substantially as follows: (1) A party or his attorney shall make oath that (2) the *residence* of any party defendant is unknown to affiant (*and to such party where the affidavit is made by his attorney*), *or* that such defendant is a transient person, (3) *AND* that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, (4) or that such defendant is absent from or is a non-resident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so. The clerk shall then issue citation for such defendant for service by publication. The defendant here was not without the continental United States for sufficient periods of time to warrant issuance of the citation on that ground. Thus, the affidavit is defective principally for the reason that there is no statement included therein that the *residence* of Leithold was unknown to affiant and appellees, or that the defendant was a transient person. In Wilson v. Rogers, 343 S.W.2d 309, 322–323 (Tex.Civ.App.—Houston 1961, writ ref'd n. r. e.), the Houston Court of Civil Appeals speaking through Associate Justice Werlein, stated that the punctuation of Rule 109 clearly shows that the clause requiring due diligence applies where the residence of the defendant is unknown as well as where the defendant is a transient person. Here there was no mention of residence or transient persons. "Address" differs from the meaning of the word "residence". Also, the affidavit speaks of knowledge of the affiant in one place, and the knowledge of the appellees in other places. See and compare Young v. Young, 127 S.W. 898 (Tex.Civ.App.1910, no writ). Moreover, it was the duty of the trial court at the original adoption hearing under Rule 109 to determine the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant before granting any judgment on such constructive service. This the trial court failed

to do, as is clearly revealed in the brief statement of facts in the adoption case appearing in the transcript. See Weston v. Van Meter, 297 S.W.2d 302, 307 (Tex.Civ. App.—Texarkana 1956, no writ); Wilson v. Rogers, supra, at 323. Issuance of citation by publication is not authorized without a proper *affidavit* although facts exist which could be verified. Sgitcovich v. Sgitcovich, 150 Tex. 398, 405–407, 241 S.W.2d 142, 147–148 (1951). We therefore have a case in which no valid service was ever perfected, which brings us to the rules of Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed. 62 (1956); Gunn v. Cavanaugh, 391 S.W.2d 723 (Tex.Sup. 1965); and DeWitt v. Brooks, 143 Tex. 122, 128, 182 S.W.2d 687, 691 (1944).

In Armstrong it was held that in an adoption proceeding where the father had been given no notice, due process required that such adoption judgment be set aside, and that the validity of the judgment was not cured by the court's later granting the father a hearing on his motion to set aside the adoption decree, as was apparently attempted here. In Cavanaugh, supra, the Texas Supreme Court held that in a case of this kind a father is entitled to a plenary hearing to determine whether such parental rights have in fact been lost through neglect, mistreatment, abandonment or other conduct denounced by the statute. The father's remedy is to institute suit in the nature of a bill of review to abrogate the judgment in accordance with the opinions rendered in DeWitt v. Brooks, supra. In DeWitt it was held that where a parent is without notice of the proceedings, as here, he must be allowed a *full* hearing in a subsequent proceeding on the issue of whether sufficient facts existed as to authorize the entry of the judgment of dependency (or adoption as here). No mention is made of pleading or proving a meritorious defense in DeWitt, and such holding was recognized as proper and valid as late as 1965 in Cavanaugh. The proceeding is not typically a bill of review, but one suited to the exigencies of the situation arising in adoption cases.

However, if we be incorrect in the above statements regarding a meritorious defense, we believe this case may be likened to an ordinary default judgment situation. Here, the appellant did sufficiently *plead* a meritorious defense to the adoption proceedings and filed an appropriate affidavit. That was all that was required under any circumstance. See and compare Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex.Sup.1966); Craddock v. Sunshine Bus Lines, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939).

The evidence adduced at the instant hearing failed in many respects to warrant or authorize adoption by appellees. The matters of support, abandonment and suitability are particularly vague and lacking in the evidence. The burden will be on appellees, the Plasses, on a new trial to prove their case as an original proceeding by competent evidence. Appellant here, Leithold, is now properly in court and is a party with notice of the proceedings. We cannot allow the judgment below to stand in the face of the decree of the Arizona court in 1969 cutting off *all* visitation rights of appellant, together with the recognition by the Texas courts of a father-son relationship as late as April 26, 1967, when the Texas Supreme Court affirmed visitation rights of the father with his son. The evidence showed that Marc had visited with his father as late as the summer of 1967 in California, and the evidence further shows that support payments were being made as late as 1970. We take the facts, of course, solely from the record as presented to us.

From what has been said, we neither decide nor do we reach the question of *in personam* jurisdiction allegedly required in a case of this kind. Whether this case can properly and legally be analogized to a custody case is a question upon which we do not now pass. However, see and compare Armstrong v. Manzo, supra; May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953), and Gunther v. Gunther, 478 S.W.2d 821, 827 (Tex.Civ.App.—Houston (14th Dist.) 1972, writ ref'd n. r. e.), and cases cited.

We do not believe that appellant has had a complete and full-blown trial, and if so the record is incomplete, with the burden of proof here on appellees. We might be able to reverse and render this case. But under the circumstances, the judgment of the trial court being erroneous, we reverse and remand to the trial court for a new trial, and in the interest of justice. We further believe the case was tried on the wrong theory with the burden of proof misplaced in fact. See London Terrace v. McAlister, 142 Tex. 608, 612–613, 180 S.W.2d 619, 620–621 (1944) ; Rule 434, Tex.R.Civ.P. The case will be tried in District Court on the original adoption proceedings, together with any necessary amendments or corrections, with the Plasses as petitioners or plaintiffs and with Mr. Leithold as respondent or defendant, and the burden of proof will be generally on the plaintiffs. See, however, 44 Texas L.Rev., 364, 367 (1965) ; Brooks v. DeWitt, 178 S.W.2d 718, 723 (Tex.Civ.App.—San Antonio 1944), rev'd on other grounds, 143 Tex. 122, 182 S.W.2d 687 (1944). Introduction of the original record is inadequate.

Reversed and remanded.