**In re Adoption of Jessica Anne DAVIS.**

**No. 4613.**

Court of Civil Appeals of Texas, Eastland.

April 13, 1973.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellant.

Dan Cotton, Snyder, for appellee.

WALTER, Justice.

Jerry Allen Davis and his wife, Betty, were divorced and custody of their daughter, Jessica Anne Davis, was awarded to the mother. Betty Davis, the mother of Jessica Anne, thereafter married John David Richardson who is seeking to adopt Jessica Anne Davis. He alleged that the written consent of the child's father was not necessary because the father had failed to contribute substantially to the support of the child for a two year period as provided for in Section 6 of Article 46a, Vernon's Tex.Rev.Civ.Stat.Ann. The judge of the Juvenile Court of Scurry County consented to the adoption.

In a nonjury trial the court granted the adoption. The natural father, Jerry Allen Davis, has appealed. He contends the court erred because the evidence was conclusive that he contributed substantially to the support of his daughter commensurate with his ability for at least part of the two-year period. He also contends the court erred in failing to strictly construe said statute in favor of the nonconsenting parent.

Section 6 of Article 46a provides as follows:

"Sec. 6. (a) Except as otherwise provided in this section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the writ-

ten consent of the Judge of the Juvenile Court of the county of such child's residence; or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence."

In his findings of fact and conclusions of law, the court found:

## "FINDINGS OF FACT

1. From July 24, 1970, to July 24, 1972, Jerry Allen Davis contributed toward the support of his minor child the total sum of $281.30 . . .

7. The check dated 7–24–70 in the amount of $150.00 introduced as Contestant's Exhibit 3 was not for child support but was a part of the alimony pendente lite theretofore ordered by the Court.

## CONCLUSIONS OF LAW

1. Contestant did not contribute substantially to the support of the minor child, Jessica Anne Davis, commensurate with his ability, for the two-year period from July 24, 1970, to July 24, 1972."

We must give the statute a strict construction in favor of the nonconsenting parent. In Heard v. Bauman, 443 S.W.2d 715 (Tex.Sup.1969), the Supreme Court said:

"While adoption statutes are generally given a liberal construction, the rule of strict construction applies in favor of a non-consenting parent. This is especially true in cases in which it is asserted that because of the parent's misconduct toward the child, his consent to the adoption is not required. 'Every intendment should be made in such case in favor of the parent's claim; and where the statute is open to construction and interpretation, it should be construed in support of the parent's natural rights.' "

Our public policy concerning adoptions in this state is stated in Lee v. Purvin, 285

S.W.2d 405 (Tex.Civ.App.-Waco 1955, writ ref. n.r.e.), on page 408 wherein the Court said:

"We think the public policy of this State, as expressed in all of the adoption statutes which have been enacted or amended by the Legislature from time to time, has been to protect the sanctity of the home and the natural relationship existing between parent and child by providing that no adoption of the normal offspring of worthy parents should be permitted except with the written consent of the living parents of the child sought to be adopted."

Richardson contends "the evidence is conclusive that he (Davis) did not contribute substantially to the support of his daughter commensurate with his ability during the entire two year period."

Appellant Davis and Betty were divorced on the 24th day of July, 1970. Betty married appellee Richardson on the 25th day of November, 1970. No file mark appears on the petition for adoption, however the judge's order setting the date for a hearing indicates that it was filed on August 2, 1972.

Richardson contends the statute should be construed to mean that the two-year period set forth in the statute is to be considered as a whole and if the nonconsenting parent fails to pay an amount of money for the entire 24 months collectively commensurate with his ability during such 24 months, the parent's consent is not necessary for the adoption.

Appellant Davis contends as follows:

"There is no question that Davis paid $281.30 as child support. There is likewise no question but that he agreed and the divorce court found that the needs of the child commensurate with his finan-

cial ability at the time of the divorce was $100 per month. Even if the $150 check of July 24, 1970, and the $50–$60 cash of that day, and the $100 check of July 10, 1972, all be disregarded, it is clear that Davis paid commensurate with the litigated measure of his ability for at least 2.8 months. Faced with that finding, there can never be a continuous period in which he failed to pay commensurate with his ability."

It is true the statute is subject to the construction made by the trial court. He considered the two-year period as a whole and found that for the entire two-year period Davis failed to contribute commensurate with his ability. The statute is also subject to the construction that before an adoption can be ordered without the consent of the parent, there must be a two-year period of unexcused nonsupport. In Lout v. Whitehead, 415 S.W.2d 403 (Tex. Sup.1967), the Court said:

"It will be noted that the statute speaks of 'a period of two (2) years.' Nowhere in the statute are words which confine the period to two years immediately prior to the judgment of adoption. Indeed, 'a' period of two years connotes *any* two-year period. * * *

We hold that once *a* two-year period of unexcused nonsupport occurs, an adoption of the child without the consent of the father may be granted pursuant to the statutory provisions."

We hold that before an adoption can be ordered without the parent's consent, it must be established that the nonconsenting parent at no time during the two-year period contributed commensurate with his ability.

The judgment is reversed and judgment is rendered for the appellant Davis denying the adoption.