**Louis C. LEITHOLD, Appellant,**

v.

**Gilbert Norman PLASS et ux., Appellees.**

**No. 931.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 30, 1974.

Rehearing Denied Feb. 20, 1974.

M. Charles Gandy, Roland M. Searcy, Jr., Bryan, for appellant.

D. Brooks Cofer, Jr., Cofer & van Overbeek, Bryan, for appellee.

TUNKS, Chief Justice.

This is an adoption proceeding. In 1962 Louis C. Leithold and Thyra Nichols Leithold were divorced in Arizona. Custody of their two year old, adopted son was awarded to Mrs. Leithold, and Leithold was ordered to pay $100 per month child support. Later in 1962 Mrs. Leithold married Gilbert N. Plass, and the child in question remained in her custody. In 1970 Mr. Plass, joined by Mrs. Plass, obtained a judgment of adoption of the child by default. That adoption was reversed because of defective service on Leithold. *See* Leithold v. Plass, 488 S.W.2d 159 (Tex.Civ. App.—Houston [14th Dist.] 1972, no writ). In 1973 Mr. Plass again prevailed in this suit for the adoption of the child, and Leithold has again appealed.

Leithold has never consented to the adoption of his son. Therefore, the adoption was proper only if one of the exceptions of Vernon's Tex.Rev.Civ.Stat.Ann. art. 46a, sec. 6(a) (1969) (repealed as of January 1, 1974) were complied with. This statute provided for adoption without consent only if:

[A] living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years . . . or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability. . . .

Although there were no findings of fact or conclusions of law filed, the judgment recited that Leithold "did not contribute substantially to the support of the said minor child for a period of more than two (2) consecutive years. . . ." Leithold contend that there was either no evidence or insufficient evidence to support the trial court's decree. He also claims that even if the above findings were supported by the

evidence, the failure to support the child for the two-year period was excused by the failure of Mrs. Plass to accept tendered support payments.

The relevant years may be divided into the two-year periods of 1963–64 and 1965–66. During the first of those two-year periods, Leithold tendered about ten payments of $50 each. Six of those checks were refused and returned to Leithold with the statement that only the full amount of the Arizona court order, $100 per month, would be accepted. Four of the checks were retained for approximately fourteen months and were then presented for payment. They were returned to Mrs. Plass marked "insufficient funds."

In 1961 Leithold had an income of $20,000. In 1963 his financial condition took a turn for the worse, and it reached its worst in 1964 when Leithold was adjudicated a bankrupt. Leithold had an income of about $7800 in 1963 and 1964; in 1965 and 1966 it was about $9000. Leithold testified that during his financial crisis the $50 payments were all he could afford. During a time span of approximately four years, he was incurring legal expenses in the amount of $150–$200 per month. These expenses were necessitated by the extensive litigation between these parties during the last decade (in addition to the present suit there were earlier adoption proceedings in Dallas, Texas, and Phoenix, Arizona, as well as litigation on other matters concerning the child).

It is asserted by the Plasses that from June, 1965, to July, 1967, Leithold made no support payments. This is undisputed, except Leithold obstinately claims that a check was mailed on July 28, 1965. Mrs. Plass testified that the last check she received before that two-year period was on June 28, 1965. In July, 1967, Leithold resumed making support payments of $100 per month and in 1968, when his financial situation was back to normal, he paid all of his child support arrearages—approximately $5000. He regularly made the $100 per

month payments until learning in 1970 that his child had been adopted by default.

■ In this state there is a strong public policy that a child should not be adopted without the consent of its natural parents, unless those parents have demonstrated that they are unworthy. Lee v. Purvin, 285 S.W.2d 405 (Tex.Civ.App.—Waco 1955, writ ref'd n. r. e.). The statutory declarations of what constitutes unworthiness are to be strictly construed in favor of the non-consenting parent. Heard v. Bauman, 443 S.W.2d 715 (Tex.Sup.1969). The burden of proof is on the petitioner to demonstrate why the non-consenting parent's consent is not required. In re Armstrong's Adoption, 394 S.W.2d 552 (Tex. Civ.App.—El Paso 1965, no writ): In this case the evidence fails to prove that Leithold did not at least attempt to support the child commensurate with his financial ability during the first two-year period. The fact that he was under a court order to pay $100 per month was not controlling on the issue of whether he was failing to support as required by Article 46a.

■ Whether Leithold made any payments at all during the second two-year period was disputed by the parties. If Leithold had made even one payment commensurate with his financial ability during the two-year period, as he contends, then his consent would have been required. In re Adoption of Davis, 494 S.W.2d 277 (Tex. Civ.App.—Eastland 1973, no writ). Furthermore, it must be proved that the two-year period of nonsupport was unexcused. Lout v. Whitehead, 415 S.W.2d 403 (Tex. Sup.1967). A parent may be excused from making support payments if he has good reason to believe that to do so would be a useless endeavor. Al Khafaji v. Meitzen, 429 S.W.2d 174 (Tex.Civ.App.—Austin 1968, writ dism'd); Gilley v. Anthony, 404 S.W.2d 60 (Tex.Civ.App.—Dallas 1966, no writ). Prior to the second two-year period Mrs. Plass had rejected six payments, and her action concerning four others was tantamount to a rejection. There is no authority cited for the proposition that by accepting these partial payments Mrs. Plass would have compromised Leithold's support obligations as ordered by the Arizona court. It is true that Leithold was informed by Mrs. Plass that she would accept the checks if they were in the amount of $100, but it is also true that Leithold explained that because of his financial problems $50 was all he could afford. Although subsequent payments do not abrogate a successor parent's right to adopt after a two-year period of nonsupport has accrued, the fact that Leithold paid off all of his support arrearages when able was strong evidence of his willingness to support the child all along.

Of course, the trial court in an adoption proceeding is in a better position than an appellate court to judge what a child's best interests are. However, in Heard v. Bauman, *supra* 443 S.W.2d at 719, the Supreme Court said:

> We cannot agree with the argument that where the parent allows others to support the child, the question of adoption without consent is to be resolved on the basis of the future welfare of the child.

■ We are of the opinion that the petitioners failed to meet their burden of proving that Mr. Leithold so failed to contribute to the support of his son that his consent to the adoption was not necessary.

The judgment of the trial court is reversed and judgment here rendered that the adoption be denied.