**James Palmer MANN, Appellant,**

**v.**

**Merle K. GARRETTE and Mary Ethyl Garrette, Appellees.**

**No. 48451.**

Supreme Court of Oklahoma.

Nov. 16, 1976.

Logan, Lowry, Castor & Allan by William H. Castor and J. Duke Logan, Vinita, for appellant.

Lollar & Butler, Inc. by Gary L. Butler, Miami, for appellees.

BARNES, Justice.

This is a case of first impression in the State of Oklahoma. The question presented herein is whether 10 O.S.1974 Supp. § 60.-6(3) is to be construed to require a full year of complete nonsupport of a child before consent of the natural father is no longer necessary in an action by the natural mother and her second husband to adopt said child, or whether one child support payment made less than one year next preceding the filing of the petition for adoption is sufficient to prevent adoption without the natural father's consent.

The pertinent part of 10 O.S.1974 § 60.6 provides as follows:

> "A legitimate child cannot be adopted without consent of its parents, if living, nor a child born out of wedlock without the consent of its mother, if living, except that consent is not necessary from a father or mother:
>
> \*  \*  \*  \*  \*  \*
>
> "(3) Where a parent has wilfully failed, refused or neglected to contribute to the support of his child, as provided in the decree of divorce . . . for a period of one (1) year next preceding the filing of a petition for adoption of such child; . . ."

The events forming the basis for these proceedings are briefly summarized. Appellees, Mary Ethyl Garrette, the natural mother, and Merle K. Garrette, her second husband, filed their petition on January 23, 1975, seeking the adoption of Jamie Lynn Mann. Appellees alleged consent to the adoption by Appellant, James Palmer Mann, the natural father, was not required

under 10 O.S.1974 § 60.6 because Appellant had wilfully failed, neglected or refused to contribute to the support of his child as provided in the decree of divorce (requiring support of $60.00 per week) for a period of one year next preceding the filing of the petition.

After a full hearing in which Appellant contested the adoption, the Trial Court extered its Decree of Adoption in favor of Appellees without the consent of the child's natural father, finding that Appellant made but one child support payment of $60.00 in accordance with the decree of divorce on July 17, 1974, less than one year next preceding the filing of Appellees' petition; that such payment was made only on advice of an attorney; and that this was not a *substantial* payment toward the maintenance of the minor child under the judgment and decree of divorce.

The Court of Appeals, Division No. 1, affirmed the adoption, stating that to hold the Appellant had complied with the divorce decree, as well as § 60.6, supra, by depositing only $60.00 during a period of approximately twenty-one months, and then only on advice of an attorney, would nullify not only the statutes but the case law.

In all previous Oklahoma decisions concerning the above quoted statute, § 60.6, supra, a period of complete nonsupport by the nonconsenting father exceeded one year prior to the filing of the petition for adoption. In the instant case, during the period of approximately twenty-one months from July 7, 1973, to April 29, 1975, the date of the hearing, Appellant made one lone payment toward the required child support. While Appellant alleged he had remarried and could not afford to pay the court-ordered support, he made no effort to modify the decree. Furthermore, Appellant admitted this one payment was made on the advice of counsel expressly to prevent the running of the one-year period in which an adoption could be granted without his consent.

Appellant contends that 10 O.S.1974 Supp. § 60.6. supra, clearly requires that a full year of complete nonsupport be shown before Appellant's consent becomes no longer necessary. In support of this position he relies on *In Re Adoption of Davis*, 494 S.W.2d 277 (Tex.Civ.App.1973). In the *Davis* case, supra, it was alleged the written consent of the child's father was not necessary for the reason he had failed to contribute substantially to the support of his child for a two-year period as provided in the Texas statute. The nonconsenting father paid the sum of $281.30 during the two-year period in question, which he contended was commensurate with the litigated measure of his ability for at least 2.8 months. There the Texas Court denied the adoption to the natural mother and her second husband, stating:

"We hold that before an adoption can be ordered without the parent's consent, it must be established that the nonconsenting parent *at no time* during the two-year period contributed *commensurate* with his ability." (Emphasis ours)

In its opinion, the Texas Court further stated:

"We must give the statute a strict construction in favor of the nonconsenting parent. In *Heard v. Bauman*, 443 S.W.2d 715 (Tex.Sup.1969), the Supreme Court said:

" 'While adoption statutes are generally given a liberal construction, the rule of strict construction applies in favor of a non-consenting parent. This is especially true in cases in which it is asserted that because of the parent's misconduct toward the child, his consent to the adoption is not required. Every intendment should be made in such case in favor of the parent's claim; and where the statute is open to construction and interpretation, it should be construed in support of the parent's natural rights.' "

We also find the case of *Leithold v. Plass*, 505 S.W.2d 376, (Tex.Civ.App.

1974), involving a similar factual situation, highly persuasive on the one issue herein presented. In that case, custody of an adopted child at the time of the adoptive parents' divorce was awarded the mother. She later remarried and her second husband sought to adopt the child. The Trial Court permitted the adoption over the objection of the father, the judgment reciting that the father did not contribute substantially to the support of the minor child for a period of more than two consecutive years. In reversing that judgment, the Appeals Court said:

> "Whether Leithold made any payments at all during the second two-year period was disputed by the parties. If Leithold had made even one payment commensurate with his financial ability during the two-year period, as he contends, then his consent would have been required. *In re Adoption of Davis*, 494 S.W.2d 277 (Tex.Civ.App.—Eastland 1973, no writ). * * *"

Thus, in Texas, if a parent of a child makes even one support payment commensurate with his financial ability during a two-year period, then the parent's consent to adoption would have been required.

In *In re Adoption of Graves*, 481 P.2d 136 (Okl.1971), we said in the fourth syllabus that the adoption statute is strictly construed in favor of the rights of natural parents. We think such a construction which protects the sanctity of the home and the natural relationship existing between parent and child, together with the language of § 60.6, supra, and the cited authorities, support Appellant's argument.

We, therefore, hold that under 10 O.S. 1974 Supp. § 60.6(3) one child support payment made less than one year next preceding the filing of the petition for adoption is sufficient to prevent adoption by the natural mother and her second husband without the natural father's consent.

Certiorari granted. Decision of the Court of Appeals vacated. Judgment of the Trial Court reversed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, BERRY, SIMMS and DOOLIN, JJ., concur.

IRWIN and LAVENDER, JJ., dissent.