211 P.3d 921 (2009)
2009 OK CIV APP 43
In the Matter of the Children T.A.P. and J.R.P., Bruce and Penny Phillips, Appellants,
v.
Carla E. PHILLIPS, Appellee.
No. 106,645. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.
Court of Civil Appeals of Oklahoma, Division No. 3.
March 20, 2009.
John B. Monnet, Oklahoma City, OK, for Appellants.
Christopher W. Venters, Assistant County Public Defender, Oklahoma City, OK, for Appellee.
CAROL M. HANSEN, Presiding Judge:
¶ 1 Appellants, Bruce and Penny Phillips are the maternal grandparents of the two minor children who are the subject of this adoption proceeding.[1] In October of 2004, the court appointed Bruce Phillips as guardian of the children. In January of 2008, Appellants filed a petition for adoption and an application to adopt without the consent of the children's natural mother and father.[2] The children's mother (Mother) opposed the adoption.
¶ 2 Appellants based their petition on their allegations Mother, for a period of twelve consecutive months out of the last fourteen months immediately preceding the filing of their petition, had willfully failed, refused or neglected to contribute to the support of the minor children in substantial compliance with the order of the Department of Human Services.[3] 10 O.S.2007 § 7505-4.2(B). They also sought to declare the children eligible because Mother had not maintained a substantial *922 and positive relationship with the children.
¶ 3 Mother filed a Motion for Summary Judgment attaching evidence she had made several payments during the 14 month period preceding Appellants' filing of their petitions. Mother made payments, mainly through income assignment, in January of 2008 for $305.52, in December and November of 2007 for $305.52 and in October of 2007 for $200.00 and in July of 2007 for $71.44. Appellants do not contest these payments. In response to Mother's motion, they argued because the payments were income assignment, they should not be considered. They also cite In the Matter of the Adoption of C.D.O., 2002 OK CIV APP 9, 39 P.3d 828. That decision held two support payments during the 14 month period were not substantial compliance and reversed a trial court judgment in favor of the father. However, it also held "substantial compliance is a matter dependent upon particular facts of each case."
¶ 4 Mother points out C.D.O. is not in line with the Oklahoma Supreme Court's pronouncement in Mann v. Garrette, 1976 OK 170, 556 P.2d 1003. Although the above statute has been amended since Mann v. Garrette to include the word substantial compliance, this amendment does not reflect a legislative intent not to allow some payments to prevent adoption without the consent of the father or mother.
¶ 5 This adoption statute should be strictly construed in favor of the rights of natural parents. Mann v. Garrette held "one child support payment[4] made less than one year next preceding the filing of the petition for adoption was sufficient to prevent adoption by the natural mother and her second husband without the father's consent." The evidence here, presented by Mother, clearly shows substantial compliance with the support order for at least three months of the last 12 consecutive months in that they were for the full amount as ordered by DHS plus additional moneys for past due support. Under a "clear and convincing" standard, Appellants have failed to support their petition. In re Adoption of C.R.B., 1999 OK CIV APP 104, 990 P.2d 316. The law presumes consent of child's natural parents is necessary before adoption may be effected, and the burden is on the party seeking to adopt without consent to prove such adoption is warranted by clear and convincing evidence. In the Matter of the Adoption of Baby A., 2006 OK CIV APP 24, 131 P.3d 153.
¶ 6 The trial court sustained Mother's motion for partial summary judgment and set for trial the issue of whether Mother had maintained a substantial and positive relationship by frequent visitation and/or frequent communication with the minor children for a period of 12 consecutive months out of the last 14 months as required by 10 O.S. 2007 Supp. § 7505-4.2(H)(1) and (3). After Appellants rested after presentation of their case, Mother moved for a directed verdict on this issue. The trial court granted her motion and entered a final order denying Appellants' Petition for Adoption without the consent of Mother. Appellants appeal only the ruling regarding failure to pay child support. They do not appeal the granting of a directed verdict on the issue of Mother's failure to maintain a substantial relationship with the child.
¶ 7 The trial court's judgment is supported by the clear weight of the evidence.
AFFIRMED
MITCHELL, C.J., and JOPLIN, J., concur.
NOTES
[1] Penny is the step-grandmother of the children.
[2] The children's father executed a consent to the adoption. He is not a party to this appeal.
[3] The order of support was for $255.52 per month.
[4] Under the present scheme, the one payment must be in "substantial compliance" with a support order.